1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                  EASTERN DISTRICT OF CALIFORNIA

8

| | | |
|---|---|---|
| 9  KAREN K. FRYE, | ) | 1:10-cv-1619 OWW DLB |
| 10           Plaintiff, | )<br>) | SCHEDULING CONFERENCE ORDER |
| 11      v. | )<br>) | Discovery Cut-Off: 5/7/12 |
| 12  COUNTY OF KERN; KERN COUNTY | ) | Non-Dispositive Motion |
|     SHERIFF'S DEPARTMENT; SHERIFF | ) | Filing Deadline: 5/22/12 |
| 13  DONNY YOUNGFLOOD; ANTHONY LAVIS; | ) | |
|     VICTOR MARTINEZ; JOSE SANCHEZ; | ) | Non-Dispositive Motion |
| 14  D.M. WODS; MATTHEW ETCHEVERY; | ) | Hearing Date: 6/22/12 9:00 |
|     STEPHEN PEDERSON; | ) | Ctrm. 9 |
| 15 | ) | |
|              Defendants. | ) | Dispositive Motion Filing |
| 16 | ) | Deadline: 6/7/12 |
| 17  _____ | ) | |
|     | | Dispositive Motion Hearing |
| 18 | | Date: 7/9/12 10:00 Ctrm. 3 |
|     | | |
| 19 | | Settlement Conference Date: |
|     | | 5/15/12 10:00 Ctrm. 9 |
| 20 | | |
|     | | Pre-Trial Conference Date: |
| 21 | | 8/20/12 11:00 Ctrm. 3 |
|     | | |
| 22 | | Trial Date: 9/25/12 9:00 |
|     | | Ctrm. 3 (JT-12 days) |

23

24  **I.   Date of Scheduling Conference.**

25        January 26, 2011.

26  **II.  Appearances Of Counsel.**

27        Chain Cohn Stiles by David K. Cohn, Esq., and Matthew C.

28  Clark, Esq., appeared on behalf of Plaintiff.  Mr. Cohn also

                                  1

1  specially appeared on behalf of his co-counsel, John C. Hall,
2  Esq.

3     Mark L. Nations, Esq., Assistant County Counsel, appeared
4  on behalf of Defendants County of Kern (Kern County Sheriff's
5  Department), Sheriff Donny Youngblood, Jose Sanchez, D.M. Woods,
6  Matthew Etchevery and Stephen Pederson.

7     Robinson & Kellar by Oliver U. Robinson, Esq., appeared on
8  behalf of Defendant Anthony Lavis.

9     Wall, Wall & Peake by Larry F. Peake, Esq., appeared on
10  behalf of Defendant Victor Martinez.

11  III.  Summary of Pleadings.

12     1.   This case arises from a series of alleged sexual
13  assaults that took place in the Lerdo Detention Facility in Kern
14  County, California, during the month of October, 2009.
15  Plaintiff, Karen K. Frye, contends that Defendant, Anthony Lavis,
16  an employee of the Kern County Sheriff's Department, sexually
17  assaulted her during the month of October, 2009, while Plaintiff
18  was being held in the infirmary at the Lerdo Detention Center.
19  Plaintiff further contends that Defendants conspired to deprive
20  her of her Constitutional rights, and that Defendants
21  fraudulently attempted to secure Plaintiff's signature on what
22  was purported to be a receipt, but what was actually a release,
23  which purported to release Defendants of their conduct.

24     Plaintiff's Summary:

25     1.   In or about the month of August, 2009, Plaintiff was
26  incarcerated at Defendant Kern County Sheriff's Department's
27  Lerdo Detention Center.  Thereafter, on or about the month of
28  September, 2009, Plaintiff began to experience abdominal pain

                                2

1   while incarcerated at the Lerdo Detention Center.  Plaintiff was

2   transported to Kern Medical Center for treatment, where she

3   ultimately underwent surgery to remove her gall bladder.

4   Thereafter, Plaintiff was returned to the Lerdo Detention Center.

5   At all times relevant herein, Plaintiff was in the custody of

6   Defendant, Kern County Sheriff's Department.

7       2.   When Plaintiff was returned to the Lerdo Detention

8   Center, she was housed in the facility's infirmary for ongoing

9   observation and treatment.  While in the infirmary, Plaintiff was

10  administered medications for pain and discomfort, including, but

11  not limited to, Vicodin and Klonopin.  Plaintiff remained on

12  these medications for all relevant times mentioned herein and

13  Plaintiff alleges that Defendants, and each of them, had

14  knowledge of the medications and their effect(s), as they were

15  being administered by employees of Defendant, Kern County

16  Sheriff's Department.

17      3.   While Plaintiff was being housed in the facility's

18  infirmary, and while she was being administered the

19  aforementioned medications, Plaintiff was subjected to continual

20  sexual assaults and harassment by Defendant, Anthony Lavis.  More

21  specifically, and without limitation, these acts included, but

22  were not limited to:

23          a.   Defendant, Anthony Lavis, while giving Plaintiff

24  medication, including pain medication, repeatedly told Plaintiff

25  that he had dreams about having sex with her;

26          b.   Defendant, Anthony Lavis, on at least two

27  occasions, entered the shower facility and fondled and/or touched

28  Plaintiff against her protests;

3

1       c.    Defendant, Anthony Lavis, on other occasions

2   pushed Plaintiff against the wall of her cell and fondled her

3   while he rubbed himself against her body with his pants unzipped;

4       d.    Defendant, Anthony Lavis, on at least two

5   occasions penetrated Plaintiff's vagina with his finger.

6       4.    On or about mid-October, 2009, Plaintiff returned to

7   Kern Medical Center for follow-up care.  After the acts mentioned

8   above, Plaintiff told Defendant, Victor Martinez, an employee of

9   the Kern County Sheriff's Department what Defendant, Anthony

10  Lavis, had done to her as more specifically described above.

11  Thereafter, Defendants Victor Martinez, Jose Sanchez and Dona

12  Wood, all employees of the Kern County Sheriff's Department,

13  requested that Plaintiff assist them in a sting operation against

14  Defendant, Anthony Lavis.  Plaintiff was told that the "sting"

15  operation was to take place in her cell, which was located within

16  the infirmary at the Lerdo Detention Center.  Defendants, Victor

17  Martinez, Jose Sanchez, and Dona Wood, requested that Plaintiff

18  wear a wired audio recording device ("wire") during the "sting."

19  Defendants, Victor Martinez, Jose Sanchez, and Dona Wood offered

20  to pay Plaintiff $1,500.00 in exchange for her agreement to wear

21  the wire during the sting.  Additionally Defendants, Victor

22  Martinez, Jose Sanchez, and Dona Wood, told Plaintiff that a

23  video camera would be present in her cell during the "sting."  In

24  addition, the above-mentioned employees of the Kern County

25  Sheriff's Department told Plaintiff they would protect her from

26  any further assaults by Defendant, Anthony Lavis, during the

27  "sting" operation.  Based on these representations made by

28  Defendants and the promise to pay Plaintiff $1,500 in exchange

1 for wearing the wire, Plaintiff agreed to participate in the

2 "sting."

3     5.   At the time of the sting, Defendant, Dona Wood, placed

4 the wire on Plaintiff, while Defendant, Victor Martinez, placed a

5 video camera in Plaintiff's cell within a hollowed out Bible.

6 Thereafter, Defendant, Anthony Lavis, entered Plaintiff's cell

7 and demanded that Plaintiff come over to him.  Defendant, Anthony

8 Lavis, then put his hands down Plaintiff's pants and penetrated

9 Plaintiff's vagina with his finger.  Defendant, Anthony Lavis,

10 also stated to Plaintiff that he wanted to have sex with her.

11 After this sexual assault, Defendant, Anthony Lavis, left

12 Plaintiff's cell.  Plaintiff is informed, believes and thereon

13 alleges that during the "sting" operation Defendants, Victor

14 Martinez, Jose Sanchez, and Dona Wood, had knowledge of then

15 occurring events and acts taking place in Plaintiff's cell,

16 including the unlawful touching, assault and molestation by

17 Defendant, Anthony Lavis, via the wire and video camera, and

18 failed to intercede and stop Defendant, Anthony Lavis' sexual

19 assault on Plaintiff.

20     6.   Later on the same day of the "sting" operation,

21 Plaintiff was taken to Kern Medical Center, and then Memorial

22 Hospital, to undergo a "rape kit."  While at the hospital,

23 Plaintiff was also given medication(s).  Thereafter, Plaintiff

24 was driven to the Defendant, Kern County Sheriff's Department's

25 headquarters.  While Plaintiff was at the Sheriff's Department

26 headquarters, she was under the influence of the medications that

27 had been administered to her at the Lerdo Detention Center, and

28 the hospital.  In addition, Plaintiff was suffering from

emotional distress as a result of the sexual assault upon her
that had occurred during the "sting" operation.  While under the
influence of the administered medications and emotionally
distressed, Defendants, Matthew Etchevery and Stephen Pederson,
placed a document before Plaintiff that they explained was a
receipt for the $1,500.00 that had been promised to Plaintiff in
exchange for her participation in the "sting" operations.
Defendants, Matthew Etchevery and Stephen Pederson, then demanded
that Plaintiff sign the document that they represented was a
receipt.  Plaintiff then signed the document, believing that it
was a receipt for the $1,500.00 that had been promised to her.

7.    After signing the document purporting to be a receipt,
Plaintiff was transported to the County of Kern's downtown jail
facility where she was placed in a "keep away" program that
consisted of solitary confinement.  Plaintiff was placed in this
program for two (2) months, during which time she was not allowed
to associate with other inmates.

8.    Plaintiff alleges that she was put in isolation to keep
her from discussing the assaults with others, and that there was
no other legitimate reason for her to be placed in confinement.

9.    Plaintiff is informed and believes, and upon such
information and belief alleges, that Defendants, and each of
them, are responsible for implementing, maintaining, sanctioning,
and/or condoning a policy, custom or practice under which the
Sheriff's Deputies, and the Defendants' agents, officers and/or
their employees, committed the aforementioned illegal or wrongful
acts.  Plaintiff is informed and believes that the conduct of
said Deputies, Officers, agents and/or employees of Defendant

1  Kern County Sheriff's Department is/was consistent with the

2  training and the policies set forth by the Defendants, County of

3  Kern, Kern County Sheriff's Department, and Donny Youngblood

4  and/or that such conduct of unwanted touching is/was ratified by

5  Defendants Donny Youngblood, Kern County Sheriff's Department,

6  and the County of Kern.

7       10.   Each of the Defendants is responsible for

8  implementing, maintaining, sanctioning and/or condoning a policy,

9  custom or practice under which the Defendants' agents, officers

10 and/or their employees and other Defendants committed the

11 aforementioned illegal or wrongful acts.  Defendants, and each of

12 them, maintained or permitted an official policy or custom of

13 knowingly permitting the occurrence of the type of wrong set

14 forth above, and based upon the principles set forth herein.

15      Defendants' Summary:

16      1.    Plaintiff was an inmate at the Lerdo Pretrial Facility.

17 While there, she alleges she was subjected to sexual touching and

18 improper verbal comments by a detentions deputy named Anthony

19 Lavis.  If sexual touching did occur, it was consensual and was

20 engaged in by Plaintiff to secure contraband.  After complaining

21 about Lavis' conduct to jail authorities, Plaintiff voluntarily

22 cooperated with Sheriff's Department personnel by wearing a wire

23 as part of an investigation to determine whether Lavis would

24 admit his involvement in inappropriate conduct with Plaintiff.

25 Plaintiff was instructed multiple times not to allow Lavis to

26 touch her and was also instructed to call for help if Lavis did

27 attempt to touch her.  During the investigation, Plaintiff

28 engaged in touching with Lavis and allowed Lavis to touch her.

1  She did not call for help.  Following Lavis' removal from the
2  jail facility, Plaintiff entered into an agreement with County of
3  Kern to release County and its agents from liability for Lavis'
4  conduct in exchange for a payment of $1,500.00, which was applied
5  to her inmate account and which she spent while in custody.
6  Prior to entering into the agreement, the terms of the agreement
7  and their effect were explained to Plaintiff and she expressed
8  her understanding of the terms and agreed to them.

9  IV.  Orders Re Amendments To Pleadings.

10     1.   The parties do not anticipate amending the pleadings at
11 this time.  The Court proposes to dismiss the Kern County
12 Sheriff's Department as a defendant from this suit.  Mr. Cohn
13 will notify the Courtroom Deputy within five days next following
14 this conference, by February 3, 2011, whether he has any legal
15 authority to prevent the dismissal without prejudice of the
16 Sheriff's Department.

17     2.   The Defendants, Does 1 through 100, inclusive, are
18 ORDERED DISMISSED without prejudice.

19     3.   Any party shall have through and including October 25,
20 2011, to amend their pleadings.

21     4.   Any joinder of parties within that time period shall be
22 accomplished by stipulation and without the necessity of a Rule
23 15 motion.

24 V.  Factual Summary.

25     A.   Admitted Facts Which Are Deemed Proven Without Further
26 Proceedings.

27        1.   Plaintiff, Karen K. Frye, is a citizen of the
28 United States and at times relevant was incarcerated at the Lerdo

**8**

1  Pretrial Facility and incarcerated in the infirmary at said
2  facility.

3          2.   Anthony Lavis was at all times an employee of the
4  County of Kern, acting as a detention deputy for the Kern County
5  Sheriff.

6          3.   Defendant Lavis was at all times acting under
7  color of law and in the course and scope of his employment as a
8  Deputy Sheriff.

9          4.   Individual Defendants Jose Sanchez, D.M. Woods,
10 and Stephen Pederson, were employed as Deputy Sheriffs employed
11 by the County of Kern.

12         5.   Matthew Etchevery is the litigation coordinator
13 for the County of Kern.

14         6.   All Kern County individual Defendants were acting
15 within the course and scope of their employment and were acting
16 under color of law.

17         7.   Plaintiff and Anthony Lavis participated in
18 physical touching.

19         8.   On October 19, 2008, Plaintiff signed a document
20 entitled "Release of All Claims."

21         9.   Plaintiff signed a claim form dated October 19,
22 2009.

23         10.  Plaintiff was paid and received $1,500.00 by and
24 from the County of Kern, which was placed in her inmate account
25 and which she spent while in custody.

26    B.   Contested Facts.

27         1.   Whether the touching between Plaintiff and Lavis
28 was voluntary and consensual or involuntary and not consensual.

1          2.    Whether Plaintiff engaged in touching for purposes
2    of obtaining contraband.

3          3.    Whether Plaintiff's agreement to release
4    Defendants was voluntary and enforceable.

5          4.    Plaintiff's injuries and damages, if any.

6          5.    Whether Defendants engaged in fraudulent conduct.

7          6.    Whether Defendants engaged in a conspiracy.

8          7.    The terms of the agreement with Plaintiff and
9    whether Defendants breached the agreement.

10   VI.  Legal Issues.

11        A.    Uncontested.

12        1.    Jurisdiction exists under 28 U.S.C. § 1331 and 42
13   U.S.C. § 1983.  Supplemental jurisdiction is invoked under 28
14   U.S.C. § 1367.

15        2.    Venue is proper under 28 U.S.C. § 1391.

16        3.    As to Federal question claims, the law of the
17   United States applies.

18        4.    The substantive law of the State of California
19   applies to the supplemental claims.

20        B.    Contested.

21        1.    Whether Plaintiff's civil rights were violated.

22        2.    Whether Plaintiff has waived her causes of action.

23        3.    Whether Plaintiff has released Defendants from
24   liability and is, therefore, barred from suing Defendants.

25        4.    Whether Plaintiff is barred by the doctrine of
26   equitable estoppel.

27        5.    The defense of qualified immunity.

28        6.    All state immunities raised by Defendants.

10

1          7.    Any comparative negligence on the part of
2    Plaintiff.

3          8.    Whether there is Monell liability on the part of
4    Kern County.

5          9.    Whether Defendants breached their contract with
6    Plaintiff.

7          10.   To the extent issues of course and scope of
8    employment and actions under color of law are mixed questions of
9    fact and law, those issues as to all Kern County employees is
10   undisputed.

11   VII. Consent to Magistrate Judge Jurisdiction.

12        1.    The parties have not consented to transfer the
13   case to the Magistrate Judge for all purposes, including trial.

14   VIII.      Corporate Identification Statement.

15        1.    Any nongovernmental corporate party to any action in
16   this court shall file a statement identifying all its parent
17   corporations and listing any entity that owns 10% or more of the
18   party's equity securities.  A party shall file the statement with
19   its initial pleading filed in this court and shall supplement the
20   statement within a reasonable time of any change in the
21   information.

22   IX.  Discovery Plan and Cut-Off Date.

23        Plaintiff's Discovery Plan.

24        1.    Written discovery to each named Defendant.

25        2.    Depositions of each individual Defendant.

26        3.    Plaintiff is willing to increase the number of allowed
27   depositions to exceed the statutory limit of 10.

28        4.    Depositions of witnesses with knowledge pertinent.

11

1      **Defendants' Discovery Plan**.

2      1.    Written discovery to Plaintiff.

3      2.    Deposition of Plaintiff.

4      3.    Defendants are willing to increase the number of

5  allowed depositions to exceed the statutory limit of 10.

6      4.    Depositions of witnesses with knowledge pertinent to

7  case.

8      The Court adopts the following schedule for the case:

9      1.    The parties are ordered to complete all non-expert

10  discovery on or before January 6, 2012.

11      2.    The parties are directed to disclose all expert

12  witnesses, in writing, on or before February 3, 2012.   Any

13  rebuttal or supplemental expert disclosures will be made on or

14  before April 6, 2012.   The parties will comply with the

15  provisions of Federal Rule of Civil Procedure 26(a)(2) regarding

16  their expert designations.   Local Rule 16-240(a) notwithstanding,

17  the written designation of experts shall be made pursuant to F.

18  R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all

19  information required thereunder.   Failure to designate experts in

20  compliance with this order may result in the Court excluding the

21  testimony or other evidence offered through such experts that are

22  not disclosed pursuant to this order.

23      3.    The parties are ordered to complete all discovery,

24  including experts, on or before May 7, 2012.

25      4.    The provisions of F. R. Civ. P. 26(b)(4) shall

26  apply to all discovery relating to experts and their opinions.

27  Experts shall be fully prepared to be examined on all subjects

28  and opinions included in the designation and their reports, which

shall include every opinion to be rendered and all reasons for
each opinion.   Failure to comply will result in the imposition of
sanctions.

X.    Pre-Trial Motion Schedule.

    1.    All Non-Dispositive Pre-Trial Motions, including any
discovery motions, shall be filed on or before May 22, 2012, and
heard on June 22, 2012, at 9:00 a.m. before Magistrate Judge
Dennis L. Beck in Courtroom 9.

    2.    In scheduling such motions, the Magistrate
Judge may grant applications for an order shortening time
pursuant to Local Rule 142(d).   However, if counsel does not
obtain an order shortening time, the notice of motion must comply
with Local Rule 251 and this schedule.

    3.    All Dispositive Pre-Trial Motions are to be
filed no later than June 7, 2012, and will be heard on July 9,
2012, at 10:00 a.m. before the Honorable Oliver W. Wanger, in
Courtroom 3, 7th Floor.   In scheduling such motions, counsel
shall comply with Local Rule 230.

XI.    Pre-Trial Conference Date.

    1.    August 20, 2012, at 11:00 a.m. in Courtroom 3, 7th
Floor, before the Honorable Oliver W. Wanger.

    2.    The parties are ordered to file a Joint Pre-
Trial Statement pursuant to Local Rule 281(a)(2).

    3.    Counsel's attention is directed to Rules 281
and 282 of the Local Rules of Practice for the Eastern District
of California, as to the obligations of counsel in preparing for
the pre-trial conference.   The Court insists upon strict
compliance with those rules.

13

XII. Motions - Hard Copy.

    1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.    September 25, 2012, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

        a.    Twelve days.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.    A Settlement Conference is scheduled for May 15, 2012, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is

1  allowed, the party must be immediately available throughout the

2  conference until excused regardless of time zone differences.

3  Any other special arrangements desired in cases where settlement

4  authority rests with a governing body, shall also be proposed in

5  advance by letter copied to all other parties.

6       4.   Confidential Settlement Conference Statement.

7  At least five (5) days prior to the Settlement Conference the

8  parties shall submit, directly to the Magistrate Judge's

9  chambers, a confidential settlement conference statement.   The

10  statement should not be filed with the Clerk of the Court nor

11  served on any other party.   Each statement shall be clearly

12  marked "confidential" with the date and time of the Settlement

13  Conference indicated prominently thereon.   Counsel are urged to

14  request the return of their statements if settlement is not

15  achieved and if such a request is not made the Court will dispose

16  of the statement.

17       5.   The Confidential Settlement Conference

18  Statement shall include the following:

19            a.   A brief statement of the facts of the

20  case.

21            b.   A brief statement of the claims and

22  defenses, i.e., statutory or other grounds upon which the claims

23  are founded; a forthright evaluation of the parties' likelihood

24  of prevailing on the claims and defenses; and a description of

25  the major issues in dispute.

26            c.   A summary of the proceedings to date.

27            d.   An estimate of the cost and time to be

28  expended for further discovery, pre-trial and trial.

1          e.    The relief sought.

2          f.    The parties' position on settlement,

3    including present demands and offers and a history of past

4    settlement discussions, offers and demands.

5    XV.   Request For Bifurcation, Appointment Of Special Master,

6    Or Other Techniques To Shorten Trial.

7          1.    The amount of punitive damages, if any, shall be tried

8    in a second phase of a continuous trial after a finding of

9    liability for punitive damages in the first phase, without regard

10   to amount.

11         2.    Defendants will seek to bifurcate Monell issues from

12   liability as to the individual Defendants and County of Kern.

13   XVI. Related Matters Pending.

14         1.    A related case exists entitled *People of the State of*

15   *California v. Anthony Michael Lavis*, which is pending in the

16   Superior Court of California, County of Kern, case number

17   BF130937A.

18   XVII.       Compliance With Federal Procedure.

19         1.    The Court requires compliance with the Federal

20   Rules of Civil Procedure and the Local Rules of Practice for the

21   Eastern District of California.   To aid the court in the

22   efficient administration of this case, all counsel are directed

23   to familiarize themselves with the Federal Rules of Civil

24   Procedure and the Local Rules of Practice of the Eastern District

25   of California, and keep abreast of any amendments thereto.

26   XVIII.      Effect Of This Order.

27         1.    The foregoing order represents the best

28   estimate of the court and counsel as to the agenda most suitable

16

to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.    Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   __February 1, 2011__       _____**/s/ Oliver W. Wanger**_____
                                 UNITED STATES DISTRICT JUDGE